# METCALFE & ATKINSON, LLC
## ATTORNEYS AT LAW

January 3, 2019

**Via Hand Delivery**

Phyllis Long, City Clerk
118 N.E. Main Street
Simpsonville, SC 29681

> RE:   **Sandy Hanebrink vs. The City of Simpsonville, TRZ Management, LLC, and
> John Does 1-3**
> **C.A. No.: 2018-CP-23-04732**

Dear Ms. Long:

    Enclosed herewith and served on you, enclosed please find a file-stamped copy of the
Summons and Complaint in the above matter for The City of Simpsonville.

    With kind regards, I remain

           Sincerely,

           Hannah Rogers Metcalfe
           hmetcalfe@malawfirmsc.com

HRM/awr
Enclosure

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

IN THE COURT OF COMMON PLEAS
THIRTEENTH JUDICIAL CIRCUIT

Sandy Hanebrink,

               Plaintiff,

vs.

The City of Simpsonville, TRZ
Management, LLC, and John Does 1-3
               Defendants,

             C.A. No.

**SUMMONS**
(Jury Trial Demanded)

TO THE DEFENDANTS ABOVE-NAMED: THE CITY OF SIMPSONVILLE

      YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber at their office at 1395 S. Church Street, Greenville, SC 29605 within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

               **s/Hannah Rogers Metcalfe**
               Hannah Rogers Metcalfe, SC Bar # 73046
               METCALFE & ATKINSON, LLC
               1395 S. Church Street
               Greenville, SC 29605
               Telephone (864) 214-2319
               Facsimile  (864) 214-3067 (fax)
               *Attorneys for Plaintiff*

September 13, 2018
Greenville, South Carolina

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

Sandy Hanebrink,

          Plaintiff,

vs.

The City of Simpsonville, TRZ
Management, LLC, and John Does 1-3
          Defendants,

IN THE COURT OF COMMON PLEAS
THIRTEENTH JUDICIAL CIRCUIT


C.A. No.


**SUMMONS**
(Jury Trial Demanded)

TO THE DEFENDANTS ABOVE-NAMED:  TRZ MANAGEMENT, LLC

      YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber at their office at 1395 S. Church Street, Greenville, SC 29605 within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                   **s/Hannah Rogers Metcalfe**
                                   Hannah Rogers Metcalfe, SC Bar # 73046
                                   METCALFE & ATKINSON, LLC
                                   1395 S. Church Street
                                   Greenville, SC 29605
                                   Telephone (864) 214-2319
                                   Facsimile  (864) 214-3067 (fax)
                                   *Attorneys for Plaintiff*

September 13, 2018
Greenville, South Carolina

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

Sandy Hanebrink,

    Plaintiff,

  vs.

The City of Simpsonville,
TRZ Management, LLC, and John Does 1-3
    Defendants.

IN THE COURT OF COMMON PLEAS
THIRTEENTH JUDICIAL CIRCUIT

C.A. No.

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff, Sandy Hanebrink, complaining of the above-listed Defendants, would hereby allege and show unto this Honorable Court as follows:

## THE PARTIES & JURISDICTION

1.  Plaintiff is a citizen and resident of Anderson County, South Carolina.

2.  Upon information and belief, Heritage Park Amphitheatre ("the Amphitheatre") is located in Greenville County, South Carolina. The Amphitheatre is owned and operated by the City of Simpsonville.

3.  Upon information and belief, Defendant TRZ Management is a corporation organized and existing under the laws of the State of South Carolina. At all relevant times, Defendant TRZ managed and/or operated the Amphitheatre in Greenville County, South Carolina, thereby regularly doing business in Greenville County, South Carolina.

4.  Upon information and belief, John Does 1-3 are corporations organized and existing under the laws of the State of South Carolina who regularly do business in Greenville County, South Carolina. At all relevant times, including September 16, 2016, John Does 1-3 provided goods and services at the Amphitheatre located in Greenville County, South Carolina.

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

5.     The fall that is the subject of this action, occurred in Greenville County, South Carolina.

6.     All of the parties live in, are domiciled in, or engage in significant business transactions in Greenville County, South Carolina.

7.     The actions complained of in Plaintiff's Complaint occurred in Greenville County, South Carolina.

8.     This Court has jurisdiction over this matter and the parties, and the relief sought herein.  Venue is also proper.

### FACTUAL ALLEGATIONS

9.     On or about September 16, 2016, the Plaintiff volunteered at a Hank Williams, Jr., concert at the Amphitheatre, as an invitee and for the benefit of the Defendants.

10.     The Plaintiff is paralyzed and must utilize a wheelchair in order to move about.

11.     On September 16, 2016, as the Plaintiff was attempting to move down a ramp in the Amphitheatre, Plaintiff's wheelchair struck an obstruction placed across the ramp and came to an immediate, unexpected, and abrupt stop.  Plaintiff was violently catapulted out of her wheelchair and onto the concrete floor of the ramp.

12.     Plaintiff suffered an extreme high impact collision with the floor, causing severe and acute injury and trauma, which resulted in multiple hospital and physician visits and Plaintiff incurring multiple medical bills.

13.     Upon information and belief, the subject ramp was not designed or constructed to comply with existing building codes nor compliant with federal law and regulations relating to the slope, pitch, incline, and grade of wheelchair-accessible ramps.  Upon information and belief, the ramp is too steep.

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

14.    Upon information and belief, the Defendants caused, created, allowed to be placed, were aware of, should have been aware of, and/or failed to remove or warn others about the placement of cords, cables, wires, or other obstructions across the ramp.

15.    As Plaintiff approached the obstruction stretched across the ramp, Plaintiff's wheelchair struck the obstruction, causing Plaintiff to be violently catapulted from her wheelchair and striking the concrete ramp.

16.    Upon information and belief, there were no signs, attendants, displays, lights, or other forms of communication warning invitees of the obstruction stretched across the ramp.

17.    Upon information and belief, the concert at which Plaintiff volunteered took place in the evening and the ramp was inadequately lit to ensure the safety of Plaintiff and other invitees.

18.    The Plaintiff's fall was the result of a safety risk on the subject premises, where Plaintiff and others were invited and expected to move about on the ramp where the offending obstruction was placed.

19.    The Plaintiff suffered personal injury as a result of this fall.

### FOR A FIRST CAUSE OF ACTION
**(Premises Liability As To TRZ Management, LLC and The City of Simpsonville)**

20.    Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

21.    On or about September 16, 2016, the Plaintiff volunteered at a concert at the Amphitheatre, as an invitee and for the benefit of the Defendants.

22.    Plaintiff was an invitee of the Defendants TRZ Management, LLC and The City of Simpsonville, and therefore, these Defendants owed Plaintiff a duty to:

      a.    Keep the premises reasonably safe;

      b.    Exercise reasonable and ordinary care for her safety;

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

c.    Discover risks;

d.    Anticipate potential risks;

e.    Investigate known or potential risks;

f.    Disclose to Plaintiff any latent defects existing on the property; and

g.    Take safety precautions to warn of or eliminate unreasonable risks within the area of invitation on the premises.

23.    The Defendants owed Plaintiff the duty to warn about or remove the safety risk as it was foreseeable that an invitee, like Plaintiff, would encounter the hazardous condition.

24.    Defendants, by and through their agents, servants, and/or employees, and in the course of their business, were willful, wanton, reckless, grossly negligent, negligent, and careless, and thereby breached a duty owed to Plaintiff in the following particulars;

a.    In failing to properly maintain the premises;

b.    In failing to adequately inspect the premises, including its walkways, ramps, and pathways for hazardous conditions, such as the obstruction of walkways, ramps, and pathways;

c.    In failing to warn invitees such as Plaintiff of the dangerous condition existing on the wheelchair ramp;

d.    In failing to remedy the defective condition of which Defendants were aware prior to Plaintiff's injury; and

e.    In failing to act as reasonable and prudent owner(s) and/or operator(s) of commercial property would have acted under the circumstances then and there existing.

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

Any one or more of which acts of commission and/or omission were a proximate cause of the injuries suffered by Plaintiff and said acts of commission and/or omission were in violation of the law of the State of South Carolina.

25.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendants, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

        a.    Plaintiff has been required to expend a significant amount of money for her medical care, treatment, and attendant services;

        b.    Upon information and belief, the nature of the Plaintiff's injuries will require her to expend a significant amount of money for her medical care, treatment, and attendant services in the future;

        c.    Upon information and belief, the nature of Plaintiff's injuries will deprive her of employment opportunities and income in the future; and

        d.    The pain of her injuries has resulted in her loss of enjoyment of life and change in her personality, all to the permanent detriment of her health and physical well-being.

26.    Defendants' acts and omissions, as set forth more fully above, show willful misconduct, malice, wantonness, and an entire want of care, raising a presumption of the Defendants' conscious indifference to the consequences of such acts and omissions.

27.    Because of the Defendants' acts and omissions and the proximate harm resulting to Plaintiff, Plaintiff should be awarded punitive damages in an amount to be determined by the trier of fact, in order to punish and penalize the Defendants and to deter the Defendants and others from similar behavior.

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

28.    That upon information and belief, Plaintiff is entitled to judgment against the Defendants for actual, compensatory, and exemplary or punitive damages for her personal injuries set forth here in an amount that is fair, just, and reasonable under the circumstances, plus whatever costs, interest, and attorney fees to which she may be entitled to be determined by a jury.

### FOR A SECOND CAUSE OF ACTION
**(Negligence/Gross Negligence/Recklessness As To All Defendants)**

29.    Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

30.    The Defendants were responsible for ensuring that their employees did not cause the hazardous condition of placing cords, wiring, cabling, or other objects across the walkways, ramps, or pathways of the Amphitheatre;

31.    The Defendants were responsible for ensuring that their employees remedy the hazardous condition of placing cords, wiring, cabling, or other objects across the walkways, ramps, or pathways of the Amphitheatre;

32.    The Defendants were responsible for ensuring that their employees warn any and all invitees of the hazardous condition caused by the placement of cords, wiring, cabling, or other objects across the walkways, ramps, or pathways of the Amphitheatre;

33.    Upon information and belief, the Defendants, their agents, employees, and/or representatives placed, caused to be placed, or allowed to be placed, cords, wiring, cabling, and/or other objects across the walkways, ramps, or pathways of the Amphitheatre;

34.    The Defendants either knew or should have known that the Amphitheatre where Plaintiff was injured presented a danger to patrons of the Amphitheatre; or that Defendants created the dangerous condition.

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

35.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, wantonness, and acts and/or omissions of the Defendants, as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur various medical expenses, and has otherwise been damaged and injured.

36.    Plaintiff's violent fall and the resulting injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligent, negligent *per se*, grossly negligent, careless, reckless, willful, wanton, and unlawful acts, and/or omissions of the Defendants in any one or more of the following ways:

     a.    In failing and omitting to ensure remedy of a hazardous condition that Defendants either created, knew, or should have known existed in the area that remained open to patrons in the Amphitheatre;

     b.    In failing to properly keep the floor clear of cords, wiring, cabling, or other objects;

     c.    In failing to appreciate the gravity of the dangers associated with having cords, wiring, cabling or other objects laying across the walkways, ramps, or steps;

     d.    In failing and omitting to warn Plaintiff and any other patrons of the hazards on or near the floor by signs, personnel, barricades, or other means to warn of the unsafe and highly dangerous area;

     e.    In failing and omitting to exercise reasonable care at the location at issue so as to safeguard members of the public, and specifically Plaintiff, from injury;

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

f.   In failing to enact policies that would ensure the safety of licensees and invitees on the premises;

g.   In acting with a reckless and wanton disregard of the rights and safety of Plaintiff and any other invitee under the circumstances prevailing at the time of the accident;

h.   In failing to adequately warn the Plaintiff as to any dangers that may be present on the premises; and

i.   In failing to properly ensure the removal of the obstruction that the Defendants knew or should have known existed on the ramp;

j.   In failing and omitting to make a proper and timely inspection of the aforesaid area in order to maintain the said premises in a reasonably safe condition at all times;

k.   In failing and omitting to anticipate the possible dangers, hazards, injuries, and damages, especially to Plaintiff, under the circumstances existing at said time and place;

l.   In failing and omitting at all times to take such measures and care as the nature of the situation might require, calculated to provide safe conditions in the area and to monitor proper and adequate supervision of the area;

m.   In failing and omitting to exercise reasonable care in the maintenance of the area at the time of Plaintiff's injury when the Defendants knew or should have knowns that the area was not free from the hazardous condition;

n.   In failing to exercise that degree of care and caution which a reasonable and prudent person would have under the same or similar circumstances.

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

o.    In any such manner as the Plaintiff may discover through the discovery process or trial.

37.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendants, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

a.    Plaintiff has been required to expend a significant amount of money for her medical care, treatment, and attendant services;

b.    Upon information and belief, the nature of the Plaintiff's injuries will require her to expend a significant amount of money for her medical care, treatment, and attendant services in the future;

c.    Upon information and belief, the nature of Plaintiff's injuries will deprive her of employment opportunities and income in the future; and

d.    The pain of her injuries has resulted in her loss of enjoyment of life and change in her personality, all to the permanent detriment of her health and physical well-being.

38.    The Defendants' acts and omissions, as set forth more fully above, show willful misconduct, malice, wantonness, and an entire want of care, raising a presumption of the Defendants' conscious indifference to the consequences of such acts and omissions.

39.    Because of the Defendants' acts and omissions and the proximate harm resulting to Plaintiff, Plaintiff should be awarded punitive damages in an amount to be determined by the trier of fact, in order to punish and penalize the Defendants and to deter the Defendants and others from similar behavior.

40.    Upon information and belief, Plaintiff is entitled to judgment against the Defendants for actual, compensatory, and exemplary or punitive damages for her personal

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

injuries set forth here in an amount that is fair, just, and reasonable under the circumstances, plus whatever costs, interest, and attorney fees to which she may be entitled to be determined by a jury.

### FOR A THIRD CAUSE OF ACTION
**(Injunctive Relief Pursuant to Title III of the Americans With Disabilities Act)**

41.    Plaintiff incorporates by reference the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

42.    Plaintiff is an individual with disabilities as defined by the ADA. Plaintiff suffers from transverse myelitis and uses a wheelchair to move about. Plaintiff is paralyzed from the waist down, is unable to walk or stand, and possesses limited use of her hands.

43.    Plaintiff visited the property on September 16, 2016 in order to volunteer at a concert at the Amphitheatre. Plaintiff lives within the vicinity of the Amphitheatre and plans to return to the property to avail herself of the goods and services offered to the public at the property.

44.    Plaintiff has encountered architectural barriers at the property, which are listed in paragraph 13. The barriers to access at the property have endangered her safety and have significantly impaired her ability to travel around Defendants' premises.

45.    Plaintiff was injured as a result of these architectural barriers while visiting the Amphitheatre on September 16, 2016.

46.    Defendants, the City of Simpsonville and TRZ Management, LLC, own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.

47.    The place of public accommodation that the Defendants own, operate, lease or lease to is known as Heritage Park Amphitheatre located at 861 SE Main Street, Simpsonville,

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

South Carolina, 29681. Defendants provide to their non-disabled customers a wide range of accommodations at generally reasonable prices. Defendant excludes disabled individuals from full and equal participation in this popular venue by maintaining architectural barriers that make it impossible for disabled men and women to access and use the Amphitheatre as fully as do non-disabled individuals.

48.    Well-established guidelines for making places of public accommodations accessible to disabled individuals have been in pace for over 20 years. These guidelines recommend several basic components for making venues such as the Amphitheatre accessible. Without the implementation of these guidelines, the Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA. The safety of Plaintiff and those similarly situated has been endangered and denied easy access by the Amphitheatre's non-compliant ramps and pathway slopes, including but not limited to the ramp at issue in Plaintiff's September 16, 2016 fall. By comparison, non-disabled individuals can navigate ramps and slopes within the Amphitheatre with ease, but Plaintiff could not do so safely. The ramp and slopes should be rebuilt in order to correct the slope.

49.    The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff, in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). The Defendants control substantial assets and have failed to manage said assets to conform its management of the subject property to the requirements of a federal civil rights law, namely, the Americans with Disabilities Act (the ADA) and the Accessibility Standards established by this Act (the Americans with Disabilities Act Accessibility Standards or ADAAG).

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

50.    The Defendants lack the policies and procedures to inform their respective staff and employees on how to deal with disabled individuals and how to put in place and maintain an ADA compliant facility whose resolution is readily achievable.

51.    The alleged violations occurred, and were discovered by Plaintiff, within two years prior to the filing of the Complaint.

52.    The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations.    This list is based in part on the Plaintiff's personal examination of the offending ramp.    The Plaintiff and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services, programs, and activities of the Defendants' Amphitheatre, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, set forth above.    They will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein.

53.    Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the violations of this property as described, but not necessarily limited to only the allegations in this Complaint. Plaintiff has the standing to require that all violations related to her disability (wheelchair-bound), whether or not she has encountered them, are brought into compliance with the ADA. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants. Plaintiff will visit the Amphitheatre again to avail herself of the goods and services available at the property but needs to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.    Plaintiff is aware that it will be a futile gesture to revisit the property and expect equal access until it

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

becomes compliant with the ADA, but she will revisit it nonetheless, fearfully knowing the wheelchair ramps and pathways are inaccessible and unsafe for a person in a wheelchair.

54.    Plaintiff was enticed to visit the Amphitheatre by its many forms of advertising and signs and because she has visited and volunteered at the Amphitheatre in the past.

55.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs, and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

56.    Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to, and useable by, individuals with disabilities, including individuals who use wheelchairs; 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to, and useable by, individuals with disabilities as defined by the ADA.

57.    The Plaintiff has been personally injured, the Defendants caused the injury, and a favorable decision will redress the harm. Pre-litigation notice is not intended by Congress and not required by the Act itself. In enacting the fee-shifting provisions of the ADA, as with other civil rights statutes, Congress intended to ensure access to rights by those who could not afford to retain lawyers and further determined that such Plaintiffs should not be required to provide prelitigation notice as a condition to bringing suit. The Defendants are liable without additional prior notice because the Defendants have been on notice for over 20 years of the law pronounced

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

in the Americans with Disabilities Act—that Defendants have been required under federal law to cure ADA violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less) but Defendants have violated the law – they have neglected to conform their premises to the requirements of the law. All other conditions precedent have been met by Plaintiff or waived by the Defendants.

58.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to require the Defendants to alter the subject Heritage Park Amphitheatre to make that facility readily accessible and useable to the Plaintiff and all other mobility-impaired persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff prays for a judgment against the Defendants for an amount to be ascertained by the jury at the trial of this action for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post judgment interest, and for such other and further relief, in law or in equity, as this court may deem just and proper. With specific regard to Plaintiff's ADA claims, pursuant to 42 U.S.C. § 12188, Plaintiff respectfully requests:

a.    A preliminary and permanent injunction to prohibit the City of Simpsonville and TRZ Management, LLC from violating the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

b.    A preliminary and permanent injunction requiring the City of Simpsonville and TRZ Management, LLC to take the steps necessary to make the Amphitheatre readily accessible to and usable by disabled individuals.

c.    A declaration that the City of Simpsonville and TRZ Management, LLC own, maintain, and/or operate this property in a manner which discriminates against the disabled and

ELECTRONICALLY FILED - 2018 Sep 13 2:52 PM - GREENVILLE - COMMON PLEAS - CASE#2018CP2304732

which fails to provide access for persons with disabilities as required by law and that determines

that the Defendants as of the commencement of the subject lawsuit are in violation of Title III of

the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*

       d.     Injunctive relief against the Defendants including an Order to make all readily

achievable alterations to the facility; or to make such facility readily accessible to, and usable by,

individuals with disabilities to the extent required by the ADA; and to require the Defendants to

make reasonable modifications in policies, practices or procedures, when such modifications are

necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; and to take such steps as may be necessary to

ensure that no individual with a disability is excluded, denied services, segregated or otherwise

treated differently than other individuals because of the absence of auxiliary aids and services.

       e.     An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. §

12205.

       f.     Pre-judgment interest to the extent permitted by law.

       g.     Such other relief, remedies, procedures and rights as the Court deems just and

proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

**s/ Hannah Rogers Metcalfe**
Hannah Rogers Metcalfe, SC Bar No. 73046
METCALFE & ATKINSON, LLC
1395 S. Church Street
Greenville, SC 29605
(864) 214-2319
(864) 214-3067 (fax)
*Attorneys for Plaintiff*

September 13, 2018
Greenville, South Carolina